# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **BYRON DONNELLE CLAY,** | : |
| **Plaintiff,** | : |
| V. | : NO. 3:25-cv-00114-TES-AGH |
| **DETENTION DEPUTY STIDHAM,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

*Pro se* Plaintiff Byron Donnelle Clay, who is currently in the Walton County Jail in Monroe, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. He also moved for leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2. Thereafter, the United States Magistrate Judge granted Plaintiff leave to proceed IFP and ordered him to pay an initial partial filing fee of $53.33. ECF No. 4. The Magistrate Judge gave Plaintiff fourteen days to pay the fee and cautioned him that his failure to pay may result in the dismissal of this case. *Id.*

The time for compliance passed, and Plaintiff did not pay the initial partial filing fee or otherwise respond to the Court's order. Therefore, the Magistrate Judge ordered Plaintiff to show cause why this case should not be dismissed based on his failure to pay the initial partial filing fee. ECF No. 5. The Magistrate Judge gave Plaintiff another fourteen days to respond and cautioned him that his failure to do so may result in the dismissal of this case. *Id.*

More than fourteen days have passed since the Magistrate Judge entered that order, and Plaintiff has not paid the initial partial filing fee. In that time, Plaintiff submitted a letter to the Court asking about the status of several of his cases, ECF No. 6, and a motion for a "protective transfer/preliminary injunction." ECF No. 7. Plaintiff listed four cases on the letter and the motion, but he did not identify this case on either document. *See* ECF Nos. 6 & 7. Moreover, neither document addresses Plaintiff's failure to pay the filing fee in this case or the show cause order that the Magistrate Judge entered. *See id.*

Thus, Plaintiff has failed to pay the initial partial filing fee or to respond to the show cause order. Because Plaintiff has failed to comply with the Court's orders or to otherwise prosecute this case, the Court now **DISMISSES** the complaint **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 17th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**